IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |
|---|---|
| ------------------------------------------------------ : <br> DAVID F. DIAMOND : <br> : <br> Plaintiff, : <br> : <br> -vs- : <br> : <br> : <br> JOHN E. POTTER, : <br> POSTMASTER GENERAL : <br> UNITED STATES POSTAL SERVICE : <br> : <br> Defendant. : <br> ------------------------------------------------------ : | CASE NO. 1:08CV2229 <br><br> <u>ORDER GRANTING DEFENDANT'S</u> <br> <u>MOTION TO DISMISS.</u> |

UNITED STATES DISTRICT JUDGE LESLEY WELLS

    Plaintiff, David Diamond, brought this employment discrimination action against defendant, United States Postal Service ("Postal Service") claiming, pursuant to federal law: (1) hostile work environment; (2) retaliation; (3) violation of the rehabilitation act; and (4) constructive discharge (Docket #1 and #3). The Postal Service moved to dismiss Mr. Diamond's claims pursuant to Fed. R. Civ. P. 12(b)(5)[1] and 12(b)(6) (Docket #7). Mr. Diamond responded (Docket #9 and #11) and the Postal Service replied (Docket #13).

---

[1] The Postal Service's motion to dismiss (Docket #7) sought dismissal under Fed. R. Civ. P. 12(b)(4), insufficient process, and under 12(b)(6). Its brief in support of its motion argued, however, insufficient service process under Fed. R. Civ. P. 12(b)(5). The Postal Service acknowledged the clerical error in its reply brief (Docket #13) and again argued insufficient service of process.

For the reasons discussed below, the Postal Service's motion will be granted.

**I. Background**

Mr. Diamond began working for the Postal Service as a truck driver in April 1989 (complaint at ¶4). Mr. Diamond claims that he was being harassed by a co-worker and complained to his supervisor (complaint at ¶6). As a result of his complaints, an internal investigation ensued and two supervisors were "remov[ed" for condoning, participating and/or "failing to take appropriate action to end the behavior." Id. Mr. Diamond also "contacted an EEO counselor to complain about the environment and filed a grievance through the Union." Id. at ¶8. As a result of these complaints, it was determined that the environment was hostile towards him and the matter was settled in arbitration. Id. at ¶9. According to Mr. Diamond, the situation not only remained hostile, but "got worse." Id. At ¶10. Mr. Diamond described several incidents to demonstrate the hostile environment Id. at ¶¶11, 12, and 13. Eventually, the Postal Service agreed to place Mr. Diamond on light duty "because of the medications he was taking for the work related stress," but his supervisor refused to honor the agreement. Id. At ¶¶14 -15. As a result, Mr. Diamond states that he continues to suffer from stress and anxiety, which was determined to be a work-related injury; his psychologist recommended that he not return to work; and he was constructively discharged. Id. at ¶¶16-18.

**II.      Law and Argument.**

Fed. R. Civ. P. 4(m) states that, "[i]f a defendant is not served within 120 days after the complaint is filed, the court - on motion *** must dismiss the action without prejudice against the defendant or order that service be made within a specified time *** [except] if plaintiff shows good cause for the failure[.]" The docket does not show return

2

of service upon the Postal Service of the complaint or the amended complaint, which were filed on 19 September 2008, and 7 November 2008, respectively. More than 120 days have passed since the complaint and amended complaint were filed and the Postal Service has yet to be served. Moreover, despite being put on notice within the 120 day window that service had not yet been perfected, by the Postal Service's motion to dismiss, Mr. Diamond has not attempted to perfect service or attempted to establish good cause for failing to meet the 120 day deadline. This Court will grant the Postal Service's motion to dismiss based on Fed. R. Civ. P. 12(B)(5). See Nafziger v. McDermott Intern, Inc., 467 F.3d 514, 521 (6th Cir. 2006) (holding that dismissal under Fed. R. Civ. P. 4(m) is proper unless a plaintiff shows good cause for failure to meet the 120-day deadline).

### III. Conclusion

For the reasons set forth in this Order, this Court grants the Postal Service's motion to dismiss pursuant to Fed. R. Civ. P. 12(B)(5). Plaintiff's complaint is dismissed without prejudice.

IT IS SO ORDERED.

                                          /s/Lesley Wells
                                     UNITED STATES DISTRICT JUDGE

Dated: 11 March 2009